**TREMBELAS v. VALANOS.**

No. 1457.

Municipal Court of Appeals for the District of Columbia.

Argued March 1, 1954.

Decided March 24, 1954.

---

Francis W. Taylor, Washington, D. C., for appellant.

E. Willard Hyde, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant entered into an agreement with appellee to purchase the latter's restaurant business for $3,000. The sale was conditioned on the transfer to appellant of the lease and the restaurant license. In accordance with the terms of the agreement, appellant gave appellee a check for $500 as the down payment. The lease was then assigned by appellee, with the written consent of the lessor, and appellant took possession of the business. Subsequently a District of Columbia Health Inspector informed appellant that he must provide separate toilet facilities for his female employee before the restaurant license could be transferred. A female employee had been working in the restaurant at the time appellant purchased the business, although at no time were there separate toilet facilities for her use. In order to obtain the issuance of the license, appellee and the Health Inspector made arrangements for the woman helper to use the toilet facilities of the restaurant next door. This was confirmed in a letter from the proprietor of the adjoining restaurant. The Health Inspector testified at trial that this arrangement was satisfactory to the Health Department and that the license would have been issued to appellant had he made application. No application was ever made. Instead appellant returned the restaurant keys to appellee's sons, left the business, and stopped payment on the check.

Appellee resumed control of the business, operated it for a few months, and then sold it to another purchaser for $2,500. Suit was then filed against appellant alleging breach of contract. The trial court, sitting without a jury, found that appellant had breached the contract and gave appellee a judgment for $500.

It is contended on this appeal that the trial court erred in finding that appellee had performed his part of the contract, inasmuch as the restaurant license was never transferred to appellant. We agree that there would have been a failure of performance on appellee's part if appellant could only have obtained the license under the uncertain arrangement made with the proprietor of the business next door. It was shown at trial that there was no contractual relationship between appellant and the owner of this business, and therefore as no consideration had passed, the permission to use the toilet could have been withdrawn at any time.

But the lease, which was validly assigned to appellant, shows that no damage would have occurred in any event. One of the covenants of the lease provides that: "All toilet and washroom facilities found necessary by lessor *or made necessary by law* shall be installed or repaired at the expense of the lessor." (Emphasis supplied.) Thus, if the permission to utilize the toilet next door were withdrawn, appellant could call on his lessor to install toilet facilities required by the Health Department. No matter what took place, appellant would not have suffered any expense to himself nor would there be any necessity for him to dispense with female help.

We rule that appellee performed his part of the contract and that appellant breached it when he stopped payment on his check. This ruling answers the majority of the errors assigned, and we find no merit in the remaining ones.

Affirmed.

HOOD, Associate Judge, concurs in the result.